IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER RICHARD ROSA,

    Petitioner,

v.                                                                 No. CV 07-713 JCH/CEG

JOE R. WILLIAMS, Secretary,
New Mexico Department of Corrections,
and GARY K. KING, Attorney General
for the State of New Mexico,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Peter Richard Rosa's ("Mr. Rosa" or "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed July 25, 2007; Respondents' Motion to Dismiss and Memorandum in support thereof, filed October 1, 2007; Petitioner's Response to the Motion to Dismiss, filed November 14, 2008; Respondents' Reply to Petitioner's Response, filed November 25, 2008; Petitioner's Supplemental Memorandum on Exhaustion of Claims, filed January 16, 2009; and Respondents' Response to Petitioner's Supplemental Memorandum on Exhaustion of Claims, filed January 23, 2009. See docket nos. 3, 13, 14, 53, 54, 57, and 59. In its Answer and in its Motion to Dismiss, Respondents assert Mr. Rosa has submitted a "mixed petition" containing both exhausted and unexhausted claims. See docket nos. 12-14. I agree, and, for the reasons below, recommend that Mr. Rosa's § 2254 Petition be dismissed without prejudice if Mr. Rosa's pro se Petition is not amended to raise only unexhausted claims.

Background

A.     State Proceedings

On February 10, 2000, after a bench trial in the Thirteenth Judicial District, Valencia

County District Court, Petitioner was found guilty of first degree murder, a capital felony in the State of New Mexico, conspiracy to commit first degree murder, a second degree felony, and tampering with evidence, a fourth degree felony, in Cause No. VA-99-178-CR.  See docket no. 12, exhibit A.  Petitioner was sentenced by the Honorable John W. Pope to life imprisonment on the first degree murder conviction, nine years imprisonment on the conspiracy conviction, and eighteen months imprisonment for the tampering with evidence conviction.  Id.  The state district judge ordered that his sentences would run concurrently, but would run consecutively to the sentence Mr. Rosa was serving at the time of his arrest and conviction.  Id.

Mr. Rosa appealed his conviction directly to the New Mexico Supreme Court, based on the capital felony conviction, and the New Mexico Supreme Court affirmed his conviction.  Id., exhibits B, C, G and H.  At trial and on direct appeal, Petitioner was represented by John Cline and Stephen Aarons.  See id., exhibits B, C, and D.  The following is a factual excerpt from the Petitioner's brief in chief:

> Shortly after midnight on November 11, 1997, a guard found inmate Tim Lucero dead in his cell at the Central New Mexico Correctional Facility ("CNMCF").  An autopsy revealed that Lucero had been stabbed more than 200 times with two different weapons.  A few hours after discovery of Lucero's body, prison officials removed Rosa and fellow inmate John Hovey ("Mr. Hovey") from their cells and placed them in isolation cells near the CNMCF infirmary. [Petitioner] remained in the cell for more than fifty hours.  During that time, he was fed three times; he was clothed only in boxer shorts in a cold cell; prison officials denied his requests to talk with a lawyer and with his psychologist; the officials refused to turn on the water to the toilet or the sink; [Petitioner] was not permitted to shower; he could not see his family; he had none of his possessions; and a light in the cell shone constantly.  On the morning of November 13, Agent Art Ortiz and Sergeant Daryl Kindig of the New Mexico State Police caused [Petitioner] to be brought to an interview room at CNMCF.  Rosa was tired, scared, and confused.  The officers read [Mr.] Rosa his Miranda rights three times and obtained purported oral waivers.  The officers never presented [Mr.] Rosa with the standard,

    printed waiver form.

Id., exhibit D at 5-6 (citations omitted).

  Mr. Rosa raised three issues on direct appeal:

  1) Whether the district court erred in refusing to grant Mr. Rosa access to the records concerning the selection of the grand jury that indicted him, so that he could determine whether potential grand jurors were exempted or excused from grand jury service because of an inability to speak English, in violation of the New Mexico Constitution, Article VII, § 3;

  2) Whether the prosecution improperly cross-examined Mr. Rosa's character witnesses (a) by relying on documents that had not previously been produced to the defense, (b) by asking about a number of alleged incidents without a good faith basis to do so, (c) by asking about incidents that were not relevant to Mr. Rosa's character for peacefulness and non-violence, the only trait that he put in issue, and (d) by asking about juvenile incidents in open court, in violation of the statutory privilege set forth at New Mexico Statutes Annotated ("NMSA") § 32A-2-32; and

  3) Whether the district court erred in refusing to suppress Mr. Rosa's pretrial statement[1] to New Mexico State Police officers. Id.

Though the New Mexico Supreme Court ultimately affirmed Mr. Rosa's conviction on direct appeal, the Court also remanded the case to the Thirteenth Judicial District Court for the limited purpose of allowing Mr. Rosa to inspect the record of the grand jury selection to ensure compliance with New Mexico Supreme Court precedence.[2] Id., exhibit G.

---

[1] With respect to the third issue, Mr. Rosa's attorneys maintained that "[t]he length and circumstances of [Mr.] Rosa's detention before the statement preclude a finding of voluntariness as to his Miranda waiver or the statement itself," and noted Mr. Rosa had testified at the suppression hearing that by the time he was brought before the police officers, "he was confused, tired, and a little delirious" and "believed that he would be released if he gave a statement – as in fact occurred." Id. at 24. Petitioner's attorneys argued the prosecution failed to prove that Mr. Rosa's will had not been overborne and his capacity for self-determination had not been critically impaired when he gave his statement. Id. at 24-25.

[2] District Judge Pope set a status conference on the issue of the remand, but ultimately, Mr. Rosa's lawyers "concluded that further proceedings on remand [were] unlikely to produce any meaningful relief for [Mr.] Rosa" and requested that the remand proceedings "be terminated." Id., exhibit L. Mr. Rosa's attorneys noted it was "appropriate for [Petitioner] to pursue . . . further relief through an application for a writ of habeas corpus" under New Mexico

On January 6, 2003, Petitioner filed a Writ of Habeas Corpus in the Thirteenth Judicial District Court. See id., exhibit M. In his pro se state habeas petition, Mr. Rosa claimed his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him and that he was denied effective assistance of counsel. The following is a summary of the specific claims brought by Mr. Rosa in his state habeas corpus petition:

    1) Ineffective assistance of trial counsel due to counsel's "failure to pursue a defense of insanity;"

    2) Ineffective assistance of trial counsel due to counsel's trial strategy of "conced[ing] Petitioner's guilt;"

    3) Ineffective assistance of trial counsel due to counsel's failure "to inform Petitioner of the possibilities and/or consequences of a trial by judge;"

    4) "Petitioner told trial counsel about the important aspects of his life," including "psychiatric episodes, which indicated a long-standing mental problem" but his trial counsel "failed to interview and subpoena witnesses who could testify to Petitioner's mental status and behavior;"[3]

    5) Ineffective assistance of trial counsel due to counsel's failure to object to juvenile records introduced by the prosecution at trial;

    6) Prosecutorial misconduct for failing to release copies of Petitioner's juvenile records "or other documents to the Petitioner's counsel;"

    7) Petitioner was "inter-state compacted while his appeal was still in the New Mexico Supreme Court" and sent to Florida, where he had "no access to state law, statutes, or citations;" and

---

Rules of Court ("NMRA") 5-802. Id.

  [3] In an exhibit attached to his state writ, Mr. Rosa explains, among other things, that he was put on medication for Attention Deficit Disorder at the age of twelve; he was first arrested in September of 1995 and placed in the Springer Boys School; while he was at Springer, he was placed on Prozac for severe depression and Thorazine for "psychotic illusions;" he attempted suicide at Springer; in 1996, he plead guilty to seven felony counts and received a sentence of thirteen years; after being sent to CNMCF, he was placed in the Mental Health Treatment Center; and in January 1997, while still incarcerated at CNMCF, he was "taking Moban and Prozac." Id.

      8) Prosecutorial misconduct for "illegal introduction of juvenile records into trial."

Id.  On March 16, 2006, the Thirteenth Judicial District Attorney's Office responded to Mr. Rosa's state writ.  Id., exhibit N.  An evidentiary hearing was held, and, on October 30, 2006, District Judge Pope issued a one-page order denying Petitioner's state writ of habeas corpus.  Id., exhibit O.

      On November 29, 2006, Petitioner, through the New Mexico State Public Defender Department, filed a Petition for Writ of Certiorari in the New Mexico Supreme Court.  Id., exhibit P.  The Petition alleges, among other things, that Mr. Rosa "made numerous requests of his trial counsel to investigate his mental health issues," but that "[t]rial counsel never performed an independent investigation of [Mr.] Rosa's mental health and did not retain a psychiatrist or psychologist to evaluate him."  Id. at 4.  On December 28, 2006, the New Mexico Supreme Court issued an Order denying Mr. Rosa's Petition for Writ of Certiorari.  Id., exhibit Q.

B.      Federal Proceedings

      On July 25, 2007, Mr. Rosa filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  See docket no. 3.  The petition raises the following claims:

> 1) (a) Ineffective assistance of trial counsel due to counsel's failure to adequately inform Mr. Rosa of the benefits, burdens, and consequences of a bench trial, "while he was under the influence of heavy doses of psychotropic medications;" (b) "Error by trial court in allowing Mr. Rosa to waive a constitutional right, where trial court was on notice of a possible insanity defense, trial court knew Mr. Rosa was on medication, but never held a colloquy hearing or inquired as to whether he may have been making a knowing and intelligent decision to waive his constitutional right to a jury trial;"
>
> 2)  Ineffective assistance of trial counsel – failure to adequately pursue an insanity defense;
>
> 3)  Ineffective assistance of trial counsel – "trial court's failure to investigate Mr. Rosa's mental health issues also prejudiced his ability to suppress his confession;"
>
> 4) Ineffective assistance of trial counsel – "trial counsel engaged in a strategy that

5

conceded Mr. Rosa's guilt, and that failed to meaningfully oppose the state's case;"

5) Ineffective assistance of trial counsel – "failure to object to Mr. Rosa's juvenile records being introduced by the prosecution within a timely manner;"

6) Ineffective assistance of trial counsel – "failure to call witnesses . . . because testimony could have been offered by several psychiatrists and/or psychologists" as trial counsel only called two witnesses, but did not "call, interview, or subpoena" Mr. Hovey, who "would have offered testimony that Mr. Rosa in fact had no intention of committing a murder, and that it was he (Mr. Hovey) who had taken the initiative to do so;" and

7) Prosecutorial misconduct – "failure to release evidence, records, or other documents to Mr. Rosa's trial counsel," specifically, Mr. Rosa's juvenile records. Id. at 5-25.

On July 30, 2007, the case was referred to the undersigned "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Docket no. 5. On August 23, 2007, Respondents filed a motion for extension of time to file an answer, which was granted. See docket nos. 10 and 11. On October 1, 2007, Respondents filed their answer, essentially denying all of Petitioner's substantive allegations and requesting "that the entire petition be dismissed as a mixed petition." Docket no. 12 at 5. Also on October 1, 2007, Respondents filed a Motion to Dismiss,[4] asserting Mr. Rosa's pro se Petition should be denied "on the basis that [Mr. Rosa] fails to state any meritorious constitutional claim on any of his issues." Docket no. 13 at 2.

On October 18, 2007, Petitioner filed a motion to appoint counsel and an affidavit in support thereof. See docket nos. 16 and 17. On January 23, 2008, the undersigned issued an Order requesting the record proper be filed. See docket no. 18. After a delay with respect to

[4] Respondents have filed a memorandum in support of their Motion to Dismiss. See docket no. 13. In the memorandum, Respondents request the Court "dismiss with prejudice the Petition for writ of habeas corpus filed in this case on the basis that Petitioner fails to state any meritorious federal constitutional claim, but "[a]lternatively" request the Court "dismiss the Petition as a mixed petition containing both exhausted and unexhausted claims." Id. at 5.

submitting the entire record proper, the complete record was submitted by Respondents on May 13, 2008. See docket no. 24. On June 5, 2008, after a review of the record proper by the undersigned, the Federal Public Defender's Office was initially appointed to represent Mr. Rosa. See docket nos. 26 and 28. On July 11, 2008, however, the Defender's Office filed a motion to withdraw because of a conflict of interest in their office. See docket no. 31. The motion was granted, and on July 15, 2008, attorney Leon Schydlower ("Mr. Schydlower") was appointed to represent Mr. Rosa. See docket nos. 32 and 33.

The Court held status conferences on July 21, 2008, and August 4, 2008, and during the latter conference, Mr. Schydlower stated to the Court that he would file an amended petition by September 4, 2008. See dockets no. 35 and 41. On September 3, 2008, Mr. Schydlower filed a "Motion to Continue Amended Petition Deadline," wherein he requests a fourteen-day continuance to file the amended pleading. See docket no. 42. On the same day, the undersigned issued an Order granting in part Petitioner's motion and ordered Mr. Schydlower to file an amended petition on or before September 11, 2008. See docket no. 43. On September 11, 2008, Mr. Schydlower filed a "Notice of Nonfiling of Amended Petition," but indicated he "reserves the right to seek leave from this Court to amend his petition (or to file a new petition) with respect to claims not yet exhausted at the state level," and stated he intended to file a response to Respondents' Motion to Dismiss. Docket no. 44.

On September 15, 2008, the undersigned issued Proposed Findings, recommending, among other things, that Petitioner be given until October 20, 2008, to file a response to Respondents' Motion to Dismiss. See docket no. 45. On October 1, 2008, United States District Judge Judith C. Herrera issued an Order adopting the undersigned's recommendations. See docket no. 46. On October 16, 2008, Mr. Schydlower filed a motion for extension of time until

November 11, 2008, to file a response to the Motion to Dismiss.  See docket no. 47.  On October 17, 2008, the undersigned granted the Motion for Extension of Time, but indicated "that Respondents' Motion to Dismiss has been pending for over a year" and that "no further continuances" would be granted.  See docket no. 48.  On November 10, 2008, Mr. Schydlower filed another motion to continue, stating he needed "a seven-day extension on his response deadline so as to allow [himself] to review the audio recording of the state habeas evidentiary hearing."  Docket no. 49.  The undersigned held a telephonic hearing on the matter, but ultimately the motion was granted in part,[5] and Mr. Schydlower was given until November 14, 2008, to file a response.  See docket nos. 51 and 52.

On November 14, 2008, Petitioner filed his response to Respondents' Motion to Dismiss.  See docket no. 53.  With respect to Respondents' contention that the pro se Petition is a "mixed petition," Mr. Schydlower's response acknowledges that Claim Four "is not exhausted" and "requests its dismissal only so as to avoid tendering to this Court a 'mixed petition.'"  Id. at 12.  Petitioner's counsel's response further states:

> [i]f following an analysis of the moving papers and responses, the Court deems any other claim not exhausted, Petitioner requests that he be given the opportunity to seek abatement of these proceedings to allow exhaustion at the state court level, or alternatively, an opportunity to seek dismissal of the unexhausted claim so as to avoid tendering to the Court a mixed petition.

Id. at 13.

On November 25, 2008,[6] Respondents filed a reply to Petitioner's response.  See docket

---

[5] Petitioner's counsel was again cautioned that no further continuances would be granted.  See docket no. 51.

[6] On the same date, Respondents filed a notice indicating they were opposed to an evidentiary hearing in this case.  See docket no. 55.

8

no. 54.  Respondents' reply contends that in their original answer, they set forth in detail which claims, and which parts of which claims, Respondents contend are not exhausted, but that Petitioner "has still not responded directly to all of [the] contentions."  Id. at 2.  Respondents cite to Rose v. Lundy, 455 U.S. 509 (1982), in support of their position that the "case cannot go forward on a mixed petition."  Id.  In the reply, Respondents also cite an unpublished 10th Circuit Court of Appeals opinion arising out of the District of New Mexico that considered the United States Supreme Court's decision in Rose and finds "[t]hroughout the opinion, the [Supreme] Court reiterated that a petitioner who chooses to abandon his unexhausted claims must actually amend the petition to delete such claims" and that "[n]owhere does the Court authorize a district court to retain exhausted claims while simply dismissing the unexhausted claims without prejudice."  Id. (quoting Aragon v. Shanks, 185 F.3d 873, No. 98-2192, 1999 WL 448815 at *1 (10th Cir. July 2, 1999).

On January 6, 2009, the undersigned issued an Order directing Petitioner to file a memorandum supplementing his response to the Respondents' motion to dismiss in an attempt to fully determine the parties' positions on exactly which claims, or sub-parts of claims, have been fully exhausted in state court.  See docket nos. 56 and 58.  On January 16, 2009, Petitioner filed his supplemental memorandum in opposition to the Motion to Dismiss.  See docket no. 57.  Petitioner concedes that at least parts of claims one, four, and six of the pro se Petition are not exhausted.  Id.  On page four of the supplemental memorandum, Petitioner, for the first time, "requests that this federal proceeding be stayed and abated pending resolution and exhaustion of the identified claims at the State level."  Id. at 4.  Petitioner's counsel further states that if the Court finds that a stay and abeyance is not appropriate, then he requests "the 'unexhausted claims' be excised and deleted."  Id. (citing Rhines v. Weber, 544 U.S. 269 (2005)).

On January 23, 2009, Respondents filed a response to Petitioner's supplemental memorandum.  See docket no. 59.  In their response, Respondents stand by their position that the pro se Petition is a "mixed petition" requiring dismissal and that the Court is not authorized "to retain exhausted claims while simply dismissing the unexhausted claims without prejudice."  Id. at 3.  Respondents note that Petitioner's counsel "declined to file an amended petition when this Court gave him the opportunity – with a firm deadline, in view of the delay already present in this case," and that "Petitioner still does not ask to amend his petition."  Id. at 7.  Petitioner has never addressed, in any of his pleadings, Respondents' assertion that a petitioner who chooses to abandon his unexhausted claims must actually amend the petition to delete such claims.[7]

## Legal Standard

Federal law provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A).  A state prisoner must "fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition."  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).  "The exhaustion requirement is not one to be overlooked lightly."  Id.  For each claim, Mr. Rosa can satisfy the exhaustion requirement by showing either: (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed

---

[7] On January 20, 2009, the undersigned issued an Order to Show Cause and set a telephonic hearing.  See docket no. 60.  On February 3, 2009, the Court conducted the hearing in order to determine whether new counsel should be appointed for Petitioner in this case.  See docket no. 61.  On February 9, 2009, the Court ultimately determined that because the case has been pending for over eighteen months and because of Petitioner's counsel's familiarity with the substantial state court record in the case, that Mr. Schydlower had shown good cause to remain appointed counsel.  See docket no. 62.

his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992); see also 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). The Petitioner bears the burden to show satisfaction of the exhaustion requirement. See Hernandez, 69 F.3d at 1092; White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. See Rose, 455 U.S. at 522; Harris v. Champion, 48 F.3d 1127, 1133 (10th Cir. 1995).

Analysis

Both Petitioner and Respondents agree that the pro se Petition in this case contains unexhausted claims. See docket nos. 53, 54, 57, and 59. Petitioner suggests that this federal proceeding be stayed and abated pending exhaustion at the state level pursuant to Rhines, but in the event that a "stay and abeyance" is not appropriate, Petitioner requests that the unexhausted claims "be excised and deleted" by the Court. Docket no. 57. Respondents contend the entire petition should be dismissed without prejudice as a "mixed petition," pursuant to Rose. See docket no. 13 at 5, docket no. 54 at 1-6, and docket no. 59 at 2-7.

In Rose, the Supreme Court "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate this requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Rhines, 544 U.S. at 274 (quoting Rose, 455 U.S. at 522). When the Court decided Rose, however, "there was no statute of limitations on the filing of federal habeas corpus petitions." Id. Consequently, "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with

11

relative ease." Id.  The AEDPA "dramatically altered the landscape for federal habeas corpus petitions." Id.  In particular, it "preserved [Rose]'s total exhaustion requirement," but "also imposed a one-year statute of limitations on the filing of federal petitions." Id.  "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a (federal) petition for habeas corpus does not toll the statute of limitations." Id. at 274-275.  As a result, "if a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review." Id. at 275.

In Rhines, the Supreme Court held that a federal district court has discretion to stay a "mixed petition" and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Id. at 276-279.  This procedure may be appropriate where, as here, an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court. Id. at 278.  However, the Supreme Court warned in Rhines that a stay and abeyance of federal habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Id. at 277.  Thus, the Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277, 278.

In this case, the first and only time Petitioner requested a "stay and abeyance" was in his court-ordered supplemental memorandum, filed January 16, 2009.  See docket no. 57.  Moreover, Petitioner offers no reason whatsoever for his failure to exhaust all the claims. Id.  The Court, therefore, cannot find that Petitioner had good cause for his failure to exhaust.  As such, the Court cannot recommend that the federal proceedings be stayed and abated.

The Court next turns to Petitioner's request that his unexhausted claims "be excised and deleted." The undersigned finds no authority for Petitioner's request. The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims. See Harris, 48 F.3d at 1131, 1133. Further, in the unpublished Tenth Circuit opinion of Garza v. Gibson, the court reviewed a district court dismissal of a § 2254 petition with unexhausted claims. See Garza v. Gibson, 201 F.3d 447, No. 99-7036, 1999 WL 1054679 (10th Cir. Nov. 22, 1999). The Tenth Circuit found "a district court must dismiss 'mixed petitions' containing both exhausted and unexhausted claims, rather than dismissing only the unexhausted claims" and that "[a] court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner *amends the petition to delete the unexhausted claims* . . ." Id. at *2 (emphasis added). In another unpublished opinion, the Tenth Circuit analyzed the Rose decision and found "[t]hroughout the opinion, the [Supreme] Court reiterated that a petitioner who chooses to abandon his unexhausted claims *must actually amend the petition to delete such claims*. Aragon, 185 F.3d 873 at *1 (emphasis added). The court further opined that:

> [A] request for dismissal of unexhausted claims without prejudice is not the same as actively amending the petition to present only exhausted claims. Such a deliberate act makes clear that the petitioner is choosing to abandon his unexhausted claims, knowing that any attempt to bring such claims later will probably result in their dismissal as a successive petition. *It is the act of the petitioner, then, that abandons the claims, not the court's act of dismissing such claims without prejudice*. Despite clear case law requiring petitioner to abandon his unexhausted claims by amending or resubmitting the petition, he did not do so . . . [thus] the district court did not err . . . in dismissing the entire mixed habeas petition based on Rose v. Lundy.

Id. at *2 (emphasis added).

Though the undersigned recognizes the potential of at least one meaningful, unexhausted

13

claim in the pro se Petition that may warrant the conducting of an evidentiary hearing, the Court will refrain from making any substantive findings at this time, given the status of the pro se Petition as a "mixed petition."  United States Supreme Court and Tenth Circuit Court of Appeals case law strongly suggests this case should be dismissed without prejudice as a mixed petition, however, the Court is aware that such action may "mean the termination of any federal review" for Mr. Rosa, given the AEDPA's one-year statute of limitations.  See Rhines, 544 U.S. at 277.  The Court, cognizant of protecting the federal habeas review rights of a petitioner challenging the constitutionality of a life sentence from the questionable decision of his appointed counsel to not seek to amend the pro se Petition, finds Petitioner should be given a final opportunity to remedy the mixed petition.  "If a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate,"[8] the Court "should allow the petitioner to delete the unexhausted claims."  Id. at 278.

Wherefore,

IT IS HEREBY RECOMMENDED that Peter Richard Rosa's 28 U.S.C. § 2254 federal habeas corpus petition be DISMISSED WITHOUT PREJUDICE as a "mixed petition" if Petitioner does not file an Amended Petition that raises only exhausted claims during the time period given to object to this recommendation.

IT IS FURTHER RECOMMENDED that if Petitioner does file an Amended Petition, that this matter be referred back to the undersigned for further proceedings.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

---

[8] The Court notes that a "stay and abeyance" is not an available remedy for Petitioner for the reason stated above – he has not shown "good cause" for his failure to exhaust.

14

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE