IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER RICHARD ROSA,

    Petitioner,

v.                                                                          No. CV 07-713 JCH/CEG

JOE R. WILLIAMS, Secretary,
New Mexico Department of Corrections,
and GARY K. KING, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition on February 18, 2009. See docket no. 63. The Proposed Findings and Recommended Disposition recommends that Peter Richard Rosa's ("Mr. Rosa") 28 U.S.C. § 2254 original petition be dismissed without prejudice as a "mixed petition" if Petitioner fails to file an amended petition raising only exhausted claims during the time period given to object to the recommendation, but further recommended that if Petitioner did file an amended petition within the prescribed time period, that this matter be referred back to the undersigned for further proceedings. Id. at 14. On March 2, 2009, Respondent filed objections to the Proposed Findings and Recommended Disposition. See docket no. 64. On March 5, 2009, Petitioner filed objections to the Proposed Findings and Recommended Disposition. See docket no. 66. Also on March 5, 2009, Petitioner filed his "First Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." See docket no. 65.

1

Petitioner "objects to the Magistrate Judge's determination that [Mr.] Rosa's pleadings filed to date mandated dismissal on 'mixed petition' grounds." Docket no. 66 at 1. Petitioner alleges that the United States Supreme Court decision in Rhines v. Weber, 544 U.S. 269, 276 (2005), "provides for the deletion of unexhausted claims, and that is precisely what [Mr.] Rosa requested" in his Supplemental Memorandum on Exhaustion. Id. at 1-3 (referring to docket no. 57 at 4). Petitioner notes the Magistrate Judge "graciously granted" Mr. Rosa the opportunity "to replead his application as the former law required, and this [Petitioner] did out of an abundance of caution." Id. at 3. Petitioner, "[p]ursuant to leave granted by the Magistrate Judge," filed his First Amended Application for Section 2254 Relief on the same day he filed his objections. Id. at 1; docket no. 65.

The Court has carefully reviewed Petitioner's objections de novo and finds they are not well-taken. The Court finds that Petitioner's original petition was a "mixed petition" that could not be cured solely by judicial action. In Rhines, the Supreme Court found that if a petitioner submits a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See Rhines, 544 U.S. at 278. In support of this finding, however, the Rhines Court quotes an earlier Supreme Court case, which found "[a] petitioner can always amend the petition to delete the unexhausted claims . . ." Id. (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)). The Court finds no Tenth Circuit authority requiring a court to delete unexhausted claims from a mixed petition whenever a petitioner suggests such action. Nevertheless, the Magistrate Judge allowed Petitioner the opportunity to amend his petition to delete unexhausted claims in the original petition after finding a "stay and abeyance" was not appropriate, in accordance with Rhines.

Respondent "objects to further delaying this case by giving Petitioner yet another chance to file an amended petition."  Docket no. 64 at 1.  Respondent contends that Mr. Rosa's appointed federal habeas attorney, Leon Schydlower ("Mr. Schydlower"), did not comply with a Magistrate Judge order to file an amended petition by September 11, 2008, and "has not proceeded with reasonable diligence in this case."  Id. at 3.  Respondent asserts that "[a]ffording Petitioner yet another opportunity to amend his petition would . . . be contrary to Congress's intention in AEDPA to expedite resolution."  Id. (citing Rhines, 544 U.S. at 276).

The Court has also reviewed Respondent's objections de novo and finds they too are not well-taken at this time.  The Court finds that much of the delay associated with this case could be attributable to Petitioner's appointed counsel, but that none of the delay can be attributed to Mr. Rosa himself.  See docket no. 63 at 7-8.  The Magistrate Judge "cognizant of protecting the federal habeas review rights of a petitioner challenging the constitutionality of a life sentence from the questionable decision of his appointed counsel to not seek to amend the pro se Petition," found that Petitioner should be given a final opportunity to remedy the mixed petition after Petitioner had requested a "stay and abeyance."  Docket no. 63 at 14.  See also Rhines, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims . . . if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").  Respondent's objections suggest Mr. Rosa's mixed original petition should be dismissed without prejudice, but such action would certainly "impair [Mr. Rosa's] right to obtain federal relief."  Id.  Mr. Schydlower, on behalf of his client, has filed an amended petition in this case that he claims contains only exhausted claims.  See docket no. 65.  Therefore, in accordance with the Magistrate Judge's Proposed Findings and Recommended

Disposition, this case should be referred back to the Magistrate Judge for further proceedings.

Wherefore,

IT IS HEREBY ORDERED THAT:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (docket no. 63) are adopted;

2) Peter Richard Rosa's "First Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" (docket no. 65) is now the live pleading in this case;

3) Respondent shall file a responsive pleading to Petitioner's First Amended Petition on or before March 30, 2009;

4) Respondent's Motion to Dismiss the Original Petition (docket no. 13) is DENIED as moot; and

5) this matter is referred to the Magistrate Judge for further findings.

_____
UNITED STATES DISTRICT JUDGE